UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES PETER PHILLIPS,
    Plaintiff,

vs.                          Case No.: 3:23cv24667/TKW/ZCB

CHIP SIMMONS, et. al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a former inmate of the Escambia County Jail and current inmate of Florida Department of Corrections (FDOC), proceeding *pro se*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). On December 1, 2023, the Court ordered Plaintiff to either pay the filing fee or file a properly completed *in forma pauperis* (IFP) motion within thirty days. (Doc. 6). The Court directed the Clerk of Court to send Plaintiff the correct set of IFP forms and notified Plaintiff that failure to comply with the Court's order would result in a recommendation of dismissal of the case. (*Id.*).

Plaintiff did not file an IFP motion or pay the filing fee within the time allowed. Therefore, on January 16, 2024, the Court ordered Plaintiff to show cause, within fourteen days, why the case should not be

dismissed for failure to comply with an order of the Court. (Doc. 7). The Court again notified Plaintiff that failure to comply with the Court's order would result in a recommendation of dismissal of the case. (*Id.*).

The Court sent the order to Plaintiff at his record address, the Escambia County Jail. On January 19, 2024, the Jail returned the order to the Court labeled as "Return to Sender, Insufficient Address, Unable to Forward." (Doc. 8). Because the FDOC's website indicates Plaintiff is now housed in Walton Correctional Institution (WCI), the Clerk of Court forwarded the order to Plaintiff at that institutional address. (*Id.*). On February 9, 2024, the FDOC returned the order to the Court labeled as "Return to Sender, Vacant, Unable to Forward." (Doc. 9).

At the outset of this case, Plaintiff was sent a "Notice to Pro Se Litigant" that specifically informed him that he was required to advise the Clerk of Court of any change in his mailing address. (Doc. 2). Plaintiff's failure to update his address does not excuse his failure to comply with Court orders. *See, e.g.*, *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No.

2

5:09cv31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *adopted by*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because Plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

The deadline for compliance with the show cause order has passed, and Plaintiff has not paid the filing fee, filed an IFP motion, or otherwise responded. *See* N.D. Fla. Loc. R. 41.1 (stating that the Court may "dismiss a claim, enter a default on a claim, [and] take other appropriate action" when a party fails to comply with a court order). Because the Court is unable to reach Plaintiff, the issuance of any further orders would be futile.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court and failure to keep the Court apprised of his current address.

At Pensacola, Florida, this 16th day of February 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

3

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.